UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JUSTIN CASTELINO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 2:17-cv-139-WTL-MJD |
| | ) |
| ROSE-HULMAN INSTITUTE OF TECHNOLOGY, | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON MOTION TO DISQUALIFY AND OBJECTION TO MAGISTRATE JUDGE'S RULING

This cause is before the Court on the Plaintiff's Motion to Disqualify the Magistrate Judge (Dkt. No. 78) and the Plaintiff's objection to one of the Magistrate Judge's orders (Dkt. No. 86). The Court, being duly advised, **DENIES** the motion to disqualify and **OVERRULES** the Plaintiff's objection for the reasons set forth below.

### Motion to Disqualify

The Plaintiff moves to disqualify Magistrate Judge Mark J. Dinsmore from this case because he asserts that his "impartiality might reasonably be questioned." Dkt. No. 78 at 1. The Plaintiff's reasons for questioning Magistrate Judge Dinsmore's impartiality are a bit murky, but the Court will attempt to address them.

First, the Plaintiff suggests that because Magistrate Judge Dinsmore has permitted discovery to take place in this case, when discovery was not conducted prior to a preliminary injunction hearing conducted by the undersigned in another, wholly unrelated case, Magistrate Judge Dinsmore has demonstrated a "disregard of prior case law" to the Plaintiff's detriment. This is nonsensical. "A district court decision does not have precedential effect," *Wirtz v. City of*

*South Bend*, 669 F.3d 860, 863 (7th Cir. 2012), and therefore need not be followed in any future case. And in any case, the undersigned ***did not make any ruling*** regarding the propriety of discovery in the case referred to by the Plaintiff; the ruling in that case simply notes that no discovery was conducted. That was appropriate under the circumstances of that case. Whether it would be appropriate in this case is a completely separate inquiry. Magistrate Judge Dinsmore did not improperly "disregard" the prior case; there was no reason for him to consider what occurred in the earlier case at all.

Next, the Plaintiff seems to believe that Magistrate Judge Dinsmore has failed to follow Federal Rule of Civil Procedure 26(b)'s requirement that discovery must be proportional to the needs of the case. However, he fails to articulate any way in which his deposition or any other discovery that Magistrate Judge Dinsmore has ordered him to provide at this point is out of proportion to the needs of the case.

Next, the Plaintiff appears to object to the fact that Magistrate Judge Dinsmore has made certain rulings regarding discovery deadlines when no motion has been made in writing or "during a hearing or trial" as required by Federal Rule of Civil Procedure 7(b)(1)(A). Throughout this case, Magistrate Judge Dinsmore has been following the standard practice of this district of attempting to resolve discovery-related issues informally by holding status conferences with counsel before discovery motions are filed. This practice is incorporated into the case management plan in this case under paragraph IV: "If the required conference under Local Rule 37-1 does not resolve discovery issues that may arise, the parties will request a telephonic status conference prior to filing any disputed motion to compel or for a protective order." This requirement is expressly permitted by Federal Rule of Civil Procedure 16(b)(3)(B)(v) (court may "direct that before moving for an order relating to discovery, the

movant must request a conference with the court"). In other words, the rules specifically contemplate that issues relating to discovery may be resolved during "a conference with the court" rather than by motion, and, indeed, contemplate that a court might prefer such resolutions where possible. Magistrate Judge Dinsmore did nothing improper when he discussed and resolved discovery-related issues during status conferences with counsel.

Next, the Plaintiff objects to Magistrate Judge Dinsmore's ruling on a motion for extension of time. "'[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Antia-Perea v. Holder*, 768 F.3d 647, 661 (7th Cir. 2014) (quoting *Liteky v. United States,* 510 U.S. 540, 555 (1994)). In this case, the Plaintiff is complaining that Magistrate Judge Dinsmore granted an *agreed* motion for enlargement of time. The motion is referred to as "agreed" in its title, and paragraph 7 of the motion states: "The undersigned has spoken with [Plaintiff's] counsel, and he does not object to this motion." Dkt. No. 40. The Plaintiff does not dispute this representation. It is difficult, to say the least, to understand how the granting of an *agreed* motion could ever constitute bias by a judicial officer.

Finally, the Plaintiff raises the issue of the Defendant's desire to depose the Plaintiff for additional time despite having already spent 9.5 hours over two days deposing him. Specifically, he notes the following:

> During a telephonic conference on July 19, 2017 Magistrate Judge Dinsmore appeared to the Plaintiff's counsel to be angry that Plaintiff would insist that the Defendant conformed [sic] to Rule 30(d) and warned that pursuing the Motion to Terminate would necessarily set back the hearing sechuled [sic] for August 23, 2017 on Plaintiff's pending Motion for Preliminary Injunctive Relief.

Dkt. No. 79 at 3. The Court has reviewed the recording of the July 19th telephonic conference and finds nothing improper about either the tone or substance of Magistrate Judge Dinsmore's

3

statements during it. Magistrate Judge Dinsmore's minute entry following that conference accurately portrays the discussion between him and counsel:

> Plaintiff's deposition, which had first been requested by Defendant in April, 2017, finally commenced on July 7, 2017. Counsel for Plaintiff explained to the Court that Plaintiff's learning disability requires him to take long pauses between being asked a question and answering that question, the result of which is that, despite several hours of Plaintiff's deposition, very little information has actually been conveyed. Despite Plaintiff's acknowledgement and request for accommodation in allowing Plaintiff to proceed slowly through the deposition, Plaintiff has filed a motion to terminate the deposition. [Dkt. 64.]
>
> ***
>
> Following a discussion of the motion, counsel for Plaintiff was provided an opportunity to withdraw the motion. It was explained to Plaintiff's counsel that consideration of the motion to terminate the deposition would necessarily require a continuance of the presently scheduled hearing on Plaintiff's motion for preliminary injunction. Counsel for Plaintiff confirmed, on the record, that Plaintiff desired a ruling on the motion, notwithstanding the fact that such would necessarily delay the preliminary injunction hearing. Accordingly, the August 23, 2017 preliminary injunction hearing will be continued by separate order. Furthermore, the Court hereby **VACATES** the remainder of its preliminary injunction briefing schedule [Dkt. 34]; the briefing schedule will be reset after the multiple pending discovery motions have been resolved.

Dkt. No. 69 at 1-2. The Court understands that the Plaintiff is unhappy that the preliminary injunction hearing has been delayed, which means that he will not obtain a ruling prior to the start of the school year as he had hoped. The propriety of Magistrate Judge Dinsmore's order is discussed below in the context of the Plaintiff's objection to it, but even if the Court were to disagree with the order, there is no indication that it was based on any bias on Magistrate Judge Dinsmore's part.

In summary, the Plaintiff argues that Magistrate Judge Dinsmore's "disregard of Rules of Procedure are actual improprieties under the Code of Conduct for United States Judges. Along with his disregard of prior case law, they create at least the appearance of impermissible bias, which violates Plaintiff's Due Process rights. Pursuant to 28 USC 455, he must disqualify

himself from this case." Dkt. No. 79 at 7. But Magistrate Judge Dinsmore has not disregarded either applicable prior case law or the applicable rules. Accordingly, the motion to disqualify him from this case is **DENIED**.

## Objection to Magistrate Judge's Order

As noted above, the Plaintiff has filed an objection to Magistrate Judge Dinsmore's Order Rescheduling Preliminary Injunction Hearing, which moves the preliminary injunction hearing in this case from August 23, 2017, to November 2, 2017. The order reads, in relevant part:

> The Court considered Plaintiff's Motion to Resist Resetting a Hearing on Plaintiff's Preliminary Injunction [Dkt. 65], in rendering this decision. However, the continuance of the hearing was necessitated by Plaintiff's repeated efforts to delay Defendant's discovery in preparation for responding to the preliminary injunction motion and Plaintiff's refusal to recommence Plaintiff's deposition prior to a ruling on Plaintiff's motion to terminate the deposition [Dkt. 64]. In light of the multiple pending discovery motions and the Court's schedule, the Court believes that its resources will be best utilized by delaying the preliminary injunction hearing until after the September 25, 2017 settlement conference in this matter.

Dkt. No. 70 at 1.

The Plaintiff spends most of his brief objecting to Magistrate Judge Dinsmore's ruling that the Defendant need not respond to his discovery requests until seven days after the Plaintiff's deposition is completed. As the Plaintiff recognizes, however, that ruling was made on June 22, 2017. Dkt. No. 74 at 2 (referencing the order at Dkt. No. 42). The Plaintiff did not file an objection to that ruling, which, as noted above, was based upon an *agreed motion*; therefore, it is not before the Court for review.

The ruling that is under review is the order rescheduling the preliminary injunction hearing because, at least from the Defendant's perspective, the Plaintiff's deposition has not yet been completed, and other discovery disputes remained to be resolved. Despite being directed to do so by the Court, *see* Dkt. No. 83, the Plaintiff fails to acknowledge the applicable standard of

5

review, which is whether Magistrate Judge Dinsmore's ruling was "clearly erroneous or is contrary to law." *See* Federal Rule of Civil Procedure 72(a). The decision to continue the preliminary injunction hearing was expressly based on Magistrate Judge Dinsmore's finding that doing so "was necessitated by Plaintiff's repeated efforts to delay Defendant's discovery in preparation for responding to the preliminary injunction motion." The Plaintiff fails to address this finding in any way. He does not deny that he has delayed the Defendant's discovery to the detriment of the Defendant's ability to prepare for the preliminary injunction hearing. The fact is that there was ample time to complete the Plaintiff's deposition and the other necessary discovery well in advance of the August 23rd hearing, and the Plaintiff does not deny that it was he who caused the delay that ultimately rendered that date unworkable. Instead, he argues that "[t]here is no stated interrelationship between the Motion to Terminate or Limit the Defendant's deposition of [the Plaintiff] and delaying the Preliminary Injunction Hearing." Dkt. No. 86 at 5. This is simply wrong. The interrelationship has been clear since the outset: the Defendant has consistently stated that it needed to conduct the Plaintiff's deposition in order to respond to the preliminary injunction motion.

The Plaintiff argues that the result of delaying the preliminary injunction hearing is "that the Defendant has the opportunity to defeat our Motion to Terminate, finish its deposition, and use what it learns to avoid an injunction." *Id.* That is, in fact, exactly how litigation works. Discovery is conducted to aid the parties in litigating the relevant issues. The Plaintiff has not given the Court any basis on which it could rule that Magistrate Judge Dinsmore's determination that the Defendant is entitled to complete the Plaintiff's deposition prior to responding to the

motion for preliminary injunction[1] is incorrect, let alone clearly erroneous or contrary to law. Plaintiff's counsel did not dispute defense counsel's representation at the July 19th status conference that defense counsel did not obtain much information during the Plaintiff's deposition; rather, Plaintiff's counsel attributed the Plaintiff's lengthy pauses and inability to answer seemingly simple questions in a straightforward manner to the Plaintiff's disability, and argued that he learned in law school that a Defendant is required to "take the Plaintiff as it finds him." That doctrine relates to the proper determination of the proximate cause of injuries to a person with a preexisting condition and the proper calculation of damages in such cases; it has no application to the conduct of a deposition by counsel. If the Plaintiff's disability has, in fact, resulted in him taking a longer period of time to answer questions at his deposition, then the Defendant is entitled to more than the usual seven hours to depose him.

A Defendant's desire to depose the Plaintiff and conduct other discovery prior to responding to a motion for preliminary injunction is unremarkable. As would have occurred in any other case, Magistrate Judge Dinsmore met with the parties and established a briefing schedule that allowed the parties to conduct the necessary discovery, and the Court then scheduled a hearing based on that briefing schedule that would allow the motion to be heard and decided prior to September 1st, as requested by the Plaintiff. Magistrate Judge Dinsmore found, and the Plaintiff does not dispute, that the Plaintiff's own actions disrupted that schedule. Accordingly, the Court **OVERRULES** the Plaintiff's objection to Magistrate Judge Dinsmore's

---

[1] The Plaintiff notes that the original deadline for the Defendant's written response to the preliminary injunction motion has "come and gone without any response from the Defendant." Dkt. No. 86 at 2. To the extent the Plaintiff is implying that the Defendant has failed to comply with a deadline, he is incorrect. The Defendant's brief originally was due on July 24, 2017; that deadline was vacated by Magistrate Judge Dinsmore during his July 19, 2017, status conference *See* Dkt. No. 69 at 2.

order rescheduling the preliminary injunction hearing, which was the inevitable result of that disruption.

SO ORDERED: 8/16/2017

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification