UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JUSTIN CASTELINO, )<br>   *Plaintiff*, )<br>)<br>  *vs.* )<br>)<br>ROSE-HULMAN INSTITUTE OF TECHNOLOGY, )<br>   *Defendant.* ) | 2:17-cv-00139-WTL-MJD |

## ORDER

Plaintiff Justin Castelino initiated this litigation in March 2017, asserting claims against Defendant Rose-Hulman Institute of Technology ("Rose-Hulman") under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and for breach of contract, defamation, false advertising, invasion of privacy, and harassment. [Filing No. 1.] Specifically, Mr. Castelino, who has been diagnosed with Attention Deficit Hyperactivity Disorder and Auditory Processing Disorder, alleges that Rose-Hulman failed to properly accommodate him, among other things. On January 22, 2018, Mr. Castelino filed an Affidavit Under 28 United States Code § 144 (the "§ 144 Affidavit"), [Filing No. 165], which the presiding District Judge, Judge William Lawrence, requested be decided by another District Judge, [Filing No. 167 (Judge Lawrence noting that in the § 144 Affidavit Mr. Castelino "expresses his belief that the undersigned and Magistrate Judge Dinsmore 'have each demonstrated a personal bias or prejudice in favor of' the Defendant in this case") (quoting Filing No. 165 at 1)]. The undersigned agreed to rule on the § 144 Affidavit, [Filing No. 168], and it is now ripe for the Court's decision.

### I.
#### BACKGROUND

This case, filed less than one year ago, already has a long history with 179 docket entries. The Court provides a brief background of events that have taken place which are relevant to Mr.

1

Castelino's § 144 Affidavit.[1]  On August 1, 2017, Mr. Castelino filed a Motion to Disqualify the Magistrate Judge, arguing that the assigned Magistrate Judge – Magistrate Judge Dinsmore – violated or permitted Rose-Hulman to violate certain Federal Rules of Civil Procedure, and "applied or disregarded discovery rules to faver (sic) the Defendant exclusively." [Filing No. 79 at 5-7.]  On August 16, 2017, Judge Lawrence issued an order in which he addressed Mr. Castelino's complaints regarding Magistrate Judge Dinsmore, concluded that "Magistrate Judge Dinsmore has not disregarded either applicable prior case law or the applicable rules," and denied the Motion to Disqualify.  [Filing No. 88 at 1-5.]

Five days later, Mr. Castelino filed a Motion to Reconsider the August 16, 2017 Order in which he reiterated the arguments he made in support of his Motion to Disqualify.  [Filing No. 91; Filing No. 92.]  Judge Lawrence denied Mr. Castelino's Motion to Reconsider, again addressing each of Mr. Castelino's arguments.  [Filing No. 104.]  Judge Lawrence also noted that one of Mr. Castelino's counsel's accusations of misconduct against Magistrate Judge Dinsmore "has come perilously close to crossing the line from vigorous (if misguided) advocacy to sanctionable conduct."  [Filing No. 104 at 7.]  Judge Lawrence directed counsel "to review the Indiana Rules of Professional Conduct and the Seventh Circuit Standards of Professional Conduct, both of which govern the conduct of attorneys appearing before this Court…, and insure that he fully complies with those rules and standards in all future filings, communications, and actions during the course of this case."  [Filing No. 104 at 7.]

---

[1] Mr. Castelino argues in the § 144 Affidavit that Judge Lawrence and Magistrate Judge Dinsmore should be disqualified from this case based on rulings each have made.  As discussed more fully below, it is not necessary or appropriate for the undersigned to examine the propriety of those rulings.  Accordingly, those rulings are not set forth with any specificity here.

On September 21, 2017, Mr. Castelino filed a Motion to Disqualify Rose-Hulman's counsel because a partner at counsel's firm represented him in another matter. [Filing No. 109.] In a December 21, 2017 Order, Judge Lawrence provided a detailed timeline and concluded both that Mr. Castelino's Motion to Disqualify was untimely and that it was without merit. [Filing No. 133.] Mr. Castelino filed the § 144 Affidavit on January 22, 2018, and it is now ripe for the Court's consideration. [Filing No. 165.]

## II.
### APPLICABLE LAW

28 U.S.C. § 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

An affidavit under § 144 must be filed "as soon as the movant is aware of the facts establishing the basis for the judge's disqualification." *Courtney v. Butler*, 2017 WL 6805695, *6 (S.D. Ill. 2017 ) (citing *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993)). In determining whether § 144 requires disqualification, courts consider the same standard used for determining whether disqualification is appropriate under 28 U.S.C. § 455(b), which requires disqualification when the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1); *see also Brokaw v. Mercer County*, 235 F.3d 1000, 1025-26 (7th Cir. 2000) ("Because the phrase 'personal bias or

3

prejudice' found in Section 144 mirrors the language of Section 455(b), our analysis under Section 144 is identical"); *United States v. Balistrieri*, 779 F.2d 1191, 1202 (7th Cir. 1085) ("[W]e shall view judicial interpretations of 'personal bias or prejudice' under § 144 as equally applicable to § 455(b)(1)"). However, "[u]nlike a motion to recuse under 28 U.S.C. § 455, which simply requires the reasonable appearance of bias, a motion to disqualify under § 144 requires a showing of actual bias." *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 718 (7th Cir. 2004) (emphasis omitted).

Under § 144, the affidavit must show "that the [judge's] bias is personal rather than judicial, and that it stems from an extrajudicial source – some source other than what the judge has learned through participation in the case." *Balistrieri*, 779 F.2d at 1199 (citations omitted). Allegations in the affidavits must be taken as true, even if the Court "knows them to be false." *Id.* The facts stated in the affidavit, however, cannot be "simple conclusions, opinions, or rumors." *O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 989 (7th Cir. 2001) (citations and quotations omitted). "[N]either judicial rulings nor opinions formed by the judge as a result of current or prior proceedings constitute a basis for recusal 'unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *United States v. White*, 582 F.3d 787, 807 (7th Cir. 2009) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

### III.
### DISCUSSION

In the § 144 Affidavit, Mr. Castelino seeks disqualification of both Magistrate Judge Dinsmore and Judge Lawrence. The Court will discuss each in turn, but reiterates at the outset that a § 144 affidavit must demonstrate actual personal bias or prejudice, not an appearance of bias or prejudice. *Hoffman*, 368 F.3d at 718 ("a motion to disqualify under § 144 requires a showing of actual bias") (emphasis omitted). Mr. Castelino often refers to the "appearance" of bias or prejudice in his briefing, which is irrelevant in this context. [*See, e.g.*, Filing No. 181 at 12 (arguing

4

that "[a]ny reasonable person, in possession of all these facts and a familiarity with the course of this litigation, must see that all these facts present an appearance of impropriety…."); Filing No. 181 at 13 ("Both the Magistrate and the Presiding Judge assigned to his case appear to be biased for the Defendant or its counsel").] The Court will evaluate the § 144 Affidavit under the correct standard – whether it shows actual personal bias or prejudice on the part of Magistrate Judge Dinsmore or Judge Lawrence.

### A. Magistrate Judge Dinsmore

Mr. Castelino sets forth numerous rulings by Magistrate Judge Dinsmore in this case in arguing that "Magistrate Judge Dinsmore consistently ignores facts, statutes, case law and Rules of Procedure in order to find for the Defendant on every issue put before him." [Filing No. 165 at 1.] Specifically, Mr. Castelino points to the following rulings by Magistrate Judge Dinsmore:

- A December 21, 2017 Order in which Magistrate Judge Dinsmore "ordered [him] to disclose [his] Facebook account to a 3rd party to be chosen and paid by the Defendant…." [Filing No. 165 at 1.] Mr. Castelino argues that Magistrate Judge Dinsmore never "put[s] forth anything my counsel or I assert, argue, or prove, even when I produce supporting documentation," and ignored his arguments. [Filing No. 165 at 2.]

- The same December 21, 2017 Order in which Magistrate Judge Dinsmore granted Rose-Hulman's Motion to Compel, denied Mr. Castelino's Motion for a Protective Order, and denied Mr. Castelino's Motion to Compel. [Filing No. 165 at 3.] Mr. Castelino argues that Magistrate Judge Dinsmore did not believe his version of events in ruling on the motions and also "has never required the Defendant to file a Motion to delay discovery responses or a memo showing cause to suppress my previous statements." [Filing No. 165 at 4-5.]

Mr. Castelino concludes his discussion of Magistrate Judge Dinsmore by stating that "Magistrate Dinsmore is not impartial, he does not consider the law put before him or the facts which I document. This was why my attorney took the risk of a Motion to Disqualify the Magistrate on August 1, 2017 instead of proceeding to a once-per-case Affidavit under 28 USC Sec. 144. The

5

Magistrate Orders which issued on December 21 confirm my belief that he is biased or prejudiced in favor of the Rose-Hulman Institute as against me…." [Filing No. 165 at 5.]

In response, Rose-Hulman first argues that the request for disqualification should be denied because it is untimely. [Filing No. 169 at 7.] It notes that Mr. Castelino "apparently believed that Magistrate Dinsmore was biased against him prior to August 2017," so this was the earliest time that he had knowledge of the facts supporting disqualification. [Filing No. 169 at 8.] Rose-Hulman points to Mr. Castelino's two prior attempts to have Magistrate Judge Dinsmore removed from the case, and argues that even if he was not aware of the alleged bias until the December 21, 2017 Order, the § 144 Affidavit was still untimely because it was not filed until January 22, 2018. [Filing No. 169 at 8-9.] Rose-Hulman also argues that the § 144 Affidavit is not legally sufficient because it does not allege any extrajudicial bias by Magistrate Judge Dinsmore, and details why Magistrate Judge Dinsmore's rulings regarding production of Facebook data, Mr. Castelino's Motion for Protective order, and Rose-Hulman's discovery responses were appropriate. [Filing No. 169 at 11-17.]

In reply, Mr. Castelino argues that asserting that Magistrate Judge Dinsmore ignored applicable procedural rules is "distinct and quite different from complaints about the actual rulings that result." [Filing No. 181 at 1.] Mr. Castelino also argues that his § 144 Affidavit was not untimely as to Magistrate Judge Dinsmore because "we filed as soon as possible after the Magistrate Judge confirmed our suspicions on December 21, 2017," "Christmas holiday celebrations intruded," and Mr. Castelino had to file other documents during this time period. [Filing No. 181 at 4.] Mr. Castelino reiterates many of his arguments as to why he believes Magistrate Judge Dinsmore's December 21, 2017 rulings were incorrect. [Filing No. 181 at 5-10.]

6

As discussed above, a § 144 affidavit is not timely unless filed "'at the earliest moment after [the movant acquires] knowledge of the facts demonstrating the basis for such disqualification.'" *Sykes*, 7 F.3d at 1339 (quoting *United States v. Barnes*, 909 F.2d 1059, 1071 (7th Cir. 1990)). Despite arguing that the December 21, 2017 Order reflects bias on the part of Magistrate Judge Dinsmore, Mr. Castelino waited over thirty days to file the § 144 Affidavit. Mr. Castelino argues that Christmas celebrations and the fact that he was required to file other documents in this case interfered with his ability to file the § 144 Affidavit sooner. But Christmas was just four days after the December 21, 2017 Order, and Mr. Castelino has not set forth any legal authority to support the proposition that being busy filing other documents excuses compliance with the timeliness requirement of § 144. The Court finds that the § 144 Affidavit was not timely filed.

In any event, even if the § 144 Affidavit had been timely filed, it is without merit as to Magistrate Judge Dinsmore. While the Court will not examine Magistrate Judge Dinsmore's previous rulings in detail to determine whether they were correct – after all, the function of an affidavit under § 144 is not to obtain reconsideration of earlier rulings, but rather to remedy actual bias by a judge – the Court does note that the December 21, 2017 Orders about which Mr. Castelino complains are well-reasoned and thorough. *See Hoffman*, 368 F.3d at 719 (denying motion to disqualify under § 144 and stating "the record reveals that the district court engaged in measured and considered deliberations in order to come to a determination regarding the rulings [plaintiff] has attempted to case doubt upon").

Most importantly, however, Mr. Castelino has not pointed to any bias on the part of Magistrate Judge Dinsmore, but only complains about his rulings and the weight given to the parties' arguments. *See Willis v. Freeman*, 2003 WL 22852988, *1 (7th Cir. 2003) (request for

7

disqualification was "premised entirely on [plaintiff's] own belief that the judge's adverse rulings evidenced her bias, and…that kind of speculative personal opinion was inadequate to obligate the court to further explore [plaintiff's] allegations"); *Williams v. Ortiz*, 2017 WL 3822038, *2 (E.D. Wis. 2017) ("[J]udicial rulings alone will almost never constitute a valid basis for disqualification under § 144"); *Flynn v. O'Brien*, 2017 WL 4838770, *1 n.1 (E.D. Wis. 2017) ("[A]dverse rulings are not a ground for recusal and show no bias in and of themselves"). While Mr. Castelino argues that he is complaining about the way in which Magistrate Judge Dinsmore reached his decisions, and not the decisions themselves, the Court finds that this is a distinction without a difference. Mr. Castelino is still complaining about Magistrate Judge Dinsmore's legal decisions – whether they are interim decisions applying the law, or his ultimate rulings. This does not show bias or prejudice, and simply does not provide a basis for disqualifying Magistrate Judge Dinsmore. Consequently, the Court finds that Magistrate Judge Dinsmore's disqualification is not warranted.

The Court also finds it necessary to caution Mr. Castelino's counsel regarding the language he has used in Mr. Castelino's reply brief. Specifically, Mr. Castelino's counsel states that "a Magistrate with over 7 years (sic) experience should know he is bound by Canon 2 to comply with the law," and that "Plaintiff has reminded Magistrate [Judge] Dinsmore on at least two occasions of the Rules and the interpreting cases. He must know now that the Federal Rules required and still require that the Defendant file a written motion. Yet the Magistrate continues to ignore relevant Rules of Procedure to give the Defendant a blank check…." [Filing No. 181 at 9.] As discussed above, Mr. Castelino has not presented any facts showing that Magistrate Judge Dinsmore has any actual bias or prejudice toward him, and these statements approach the lines drawn in Indiana Rule of Professional Conduct 8.2 (prohibiting litigants from making statements regarding the integrity of a judge that are false or made with reckless disregard as to their truth or

8

falsity) and Seventh Circuit Standards of Professional Conduct ¶ 4 (stating that an attorney will not "absent good cause, attribute bad motives or improper conduct to other counsel or bring the profession into disrepute by unfounded accusations of impropriety"). Counsel is warned not to cross these lines in this and any other litigation in which he is involved.

### B. Judge Lawrence

As to Judge Lawrence, Mr. Castelino argues that he "also acts with an evident bias in favor of Rose-Hulman." [Filing No. 165 at 5.] Mr. Castelino then complains regarding Judge Lawrence's orders on Mr. Castelino's Motion to Disqualify Magistrate Judge Dinsmore and the Motion to Disqualify Defendant's Counsel. [Filing No. 165 at 6-8.] His complaints include the following:

- That Judge Lawrence stated in the Order that district court decisions do not have precedential effect in declining to follow one of his earlier decisions. [Filing No. 165 at 6.]

- That Judge Lawrence denied the Motion to Disqualify Magistrate Judge Dinsmore only fifteen days after it was filed, and warned Mr. Castelino's counsel that the brief in support of the motion "came perilously close to contempt of court," which "has the effect of chilling [his] access to the court and [his] reliance on a Federal statute in pursuit of [his] rights." [Filing No. 165 at 6.]

- Judge Lawrence should not have found that the Motion to Disqualify Defendant's Counsel was untimely, and did not consider "that the delay may be due to my attorney's hesitation to pull such desperate trigger," and because counsel had to review a "volume of case law…to be certain of his footing…." [Filing No. 165 at 6-7.]

Rose-Hulman responds that Mr. Castelino has not shown that Judge Lawrence's Orders were incorrect and "does not provide facts showing that the Orders were a result of judicial bias as opposed to findings on the merits of the arguments." [Filing No. 169 at 17.] It argues that Judge Lawrence has "maintained [his] professionalism and handled all interactions with Mr.

9

Castelino and [his counsel] in an honorable and ethical manner." [Filing No. 169 at 18.] Rose-Hulman also argues that the § 144 Affidavit is untimely. [Filing No. 169 at 7-9.]

In his reply, Mr. Castelino argues that his § 144 Affidavit was timely as to Judge Lawrence because "Plaintiff's counsel has been reluctant to pull lethal triggers lest the weapon proves to be pointing at this own career," and that Magistrate Judge Dinsmore's December 21, 2017 rulings "confirmed our suspicions…." [Filing No. 181 at 3-4.] Mr. Castelino contends that Judge Lawrence "does nothing to curtail the Magistrate's abuses, and thereby condones and encourages them." [Filing No. 181 at 10.] Mr. Castelino again points out why he disagrees with Judge Lawrence's various rulings in this case. [Filing No. 181 at 10-13.]

Judge Lawrence denied Mr. Castelino's Motion to Disqualify Magistrate Judge Dinsmore on August 16, 2017, [Filing No. 88], and denied Mr. Castelino's Motion to Reconsider that Order on September 8, 2017, [Filing No. 104]. Mr. Castelino filed his § 144 Affidavit on January 22, 2018 – nearly twenty weeks later. The § 144 Affidavit is untimely as it relates to seeking disqualification of Judge Lawrence based on his denial of the Motion to Disqualify and the Motion to Reconsider. *See Sykes*, 7 F.3d at 1339 (finding § 144 affidavit untimely and stating "[t]wo months after the allegedly prejudicial statement is certainly not 'at the earliest possible moment' after discovery of the prejudice"); *Barnes*, 909 F.2d at 1072 ("Waiting almost five months to allege bias on [the judge's] part falls far short of 'rais[ing] the disqualification of the judge at the earliest moment after [the movant acquired] knowledge of the facts demonstrating the basis for such disqualification'") (quoting *U.S. v. Patrick*, 542 F.2d 381, 390 (7th Cir. 1976)). Additionally, to the extent Mr. Castelino's § 144 Affidavit is based on Judge Lawrence's denial of the Motion to Disqualify Rose-Hulman's counsel, it is still untimely. Judge Lawrence ruled on the motion on

December 21, 2017, more than a month before Mr. Castelino filed the § 144 Affidavit, which is untimely as discussed above.

The § 144 Affidavit, as it applies to Judge Lawrence, fails on the merits as well. Simply ruling against a party does not indicate that the judge is biased or prejudiced against that party. *See Gaines v. White River Environmental Partnership*, 6 Fed. Appx. 345, 347 (7th Cir. 2001) ("[Plaintiff's] allegations against [the judge] once again consist of nothing more than complaints about adverse rulings and therefore we reject them for failure to satisfy the requirements of § 144"); *Waldron v. Gaetz,* 2012 WL 5987387, *1 (S.D. Ill. 2012) ("[C]oncerns about rulings adverse to [the movant's] positions are not sufficient to show grounds for recusal"); *U.S. v. Tepoel,* 2008 WL 2273726, *2 (W.D. Wis. 2008) (denying defendant's disqualification request under 28 U.S.C. § 144 and noting that "defendant will have a complete chance to air his objections before the court of appeals….. The point is that the rulings do not reveal prejudice or bias…."); *Robinson v. Gregory*, 929 F.Supp. 334, 337 (S.D. Ind. 1996) ("Plaintiff's motion fails to identify any basis for disqualification other than his vehement disagreement with a few earlier rulings in this action. The motion is therefore insufficient to require disqualification under 28 U.S.C. § 144").

The Court also notes that it has reviewed Judge Lawrence's Order denying Mr. Castelino's Motion to Disqualify Magistrate Judge Dinsmore, his Order denying Mr. Castelino's Motion to Reconsider that decision, and his Order denying Mr. Castelino's Motion to Disqualify Counsel, and all three rulings reflect a thorough consideration and discussion of the issues presented. Because Mr. Castelino has not presented information showing actual bias or prejudice on the part of Judge Lawrence, but instead has simply pointed to adverse rulings, disqualification of Judge Lawrence is not warranted.

## IV.
### CONCLUSION

Mr. Castelino's § 144 Affidavit addresses rulings made by Magistrate Judge Dinsmore and Judge Lawrence in this case which the Court finds were well-reasoned and thorough, and which do not reflect any personal bias or prejudice on the part of either judge. While Mr. Castelino attempts to spin his arguments to focus on how Magistrate Judge Dinsmore and Judge Lawrence reached their decisions, he essentially complains about the rulings that were reached. The purpose of a § 144 affidavit is not for another judge to review the propriety of earlier rulings in the case. Rather, Mr. Castelino can obtain a full review of the rulings about which he complains through an appeal to the Seventh Circuit Court of Appeals. *See Tepoel*, 2008 WL 2273726 at *2 (denying defendant's disqualification request under 28 U.S.C. § 144 and noting that "defendant will have a complete chance to air his objections before the court of appeals…."). Because Mr. Castelino's § 144 Affidavit was untimely and since it did not set forth facts showing that either judge has a personal bias or prejudice against him or in favor of Rose-Hulman, neither disqualification of Magistrate Judge Dinsmore nor Judge Lawrence is warranted.

Date: 2/14/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**