UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JUSTIN CASTELINO,<br>    *Plaintiff*, | )<br>)<br>) |
|     *vs.* | )    2:17-cv-00139-WTL-MJD<br>) |
| ROSE-HULMAN INSTITUTE OF TECHNOLOGY,<br>    *Defendant.* | )<br>) |

## **ORDER**

On January 22, 2018, Plaintiff Justin Castelino filed an Affidavit Under 28 United States Code § 144 (the "§ 144 Affidavit"), requesting that Judge Lawrence and Magistrate Judge Dinsmore be disqualified from presiding over this case. [Filing No. 165.] After Judge Lawrence requested that the § 144 Affidavit be decided by another District Judge, [Filing No. 167], the undersigned agreed to rule on the § 144 Affidavit, [Filing No. 168]. On February 14, 2018, the undersigned issued an Order finding that because Mr. Castelino's § 144 Affidavit was untimely and because it did not set forth facts showing that either judge has a personal bias or prejudice against him or in favor of Defendant Rose-Hulman Institute of Technology ("Rose-Hulman"), neither disqualification of Magistrate Judge Dinsmore nor Judge Lawrence is warranted. [Filing No. 182.]

Ten days after the undersigned's Order denying Mr. Castelino's request to disqualify Judge Lawrence and Magistrate Judge Dinsmore, Mr. Castelino filed a Second Motion to Amend an Order.[1] [Filing No. 185.] In his motion, Mr. Castelino requests that the undersigned amend the February 14, 2018 Order to include language making the Order appropriate for an interlocutory

---

[1] Although Mr. Castelino titles his motion "Second Motion," this is the first motion he has filed related to the February 14, 2018 Order.

1

appeal. Specifically, Mr. Castelino requests that the Order be amended to include the sentence: "This Order involves a controlling question of law as to which there is substantial ground for difference of opinion, and an immediate appeal from the order may materially advance the ultimate termination of the litigation." [Filing No. 185 at 1.] The Court considers Mr. Castelino's Second Motion to Amend an Order below.

## I.
### STANDARD OF REVIEW

28 U.S.C. § 1292(b) "permits a court of appeals to review an interlocutory order if the district court certifies that particular issues meet the statutory requirements." *Lu Junhong v. Boeing Co.*, 792 F.3d 805, 811 (7th Cir. 2015) (citing *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996)). In the Seventh Circuit, a movant must satisfy five requirements for an interlocutory appeal under § 1292(b): "(1) there must be a question of law, (2) it must be controlling, (3) it must be contestable, (4) its resolution must promise to speed up the litigation, and (5) the petition to appeal must be filed in the district court within a reasonable time after the order sought to be appealed." *MetLife Investors USA Insurance Company v. Estate of Lindsey*, 2018 WL 925252, *1 (N.D. Ind. 2018) (emphasis omitted) (citing *Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000). Recognizing that proceedings in the district court generally "grind[] to a halt" as soon as an order is certified for immediate appeal, the Seventh Circuit has held that, unless all criteria under § 1292(b) are satisfied, a district court "may not and should not" certify an order for an immediate appeal. *Ahrenholz*, 219 F.3d at 676.

## II.
### DISCUSSION

In support of his Second Motion to Amend, Mr. Castelino spends nearly four pages quoting numerous Federal Rules of Civil Procedure and Local Rules. [Filing No. 186 at 2-6.] He then sets

forth many of the same arguments he made in connection with Judge Lawrence's denial of his Motion to Disqualify Magistrate Judge Dinsmore (including his arguments relating to various discovery rulings made by Magistrate Judge Dinsmore), and Judge Lawrence's denial of his Motion to Disqualify Rose-Hulman's counsel. [Filing No. 186 at 6-17.] Mr. Castelino argues that:

> The controlling question is whether the pattern of judicial rulings in this case, so many of which ignore specific Rules, are evidence of such deep seated favoritism or antagonism as would make fair judgment impossible and require recusal. The substantial ground for difference of opinion is evidenced by Docket ## 88 and 182 in that the presiding Judge and the Chief Judge think that complaints about a few adverse rulings cannot support recusal, while the United States Supreme Court allowed for the possibility in 1994 [in *Liteky v. United States*, 510 U.S. 540 (1994)]. An immediate appeal from the order may materially advance the ultimate termination of the litigation if it results in assigning judges who will enforce the Rules and the Case Management Plan effectively.

[Filing No. 186 at 17-18.]

The Court will first consider whether Mr. Castelino has presented a contestable question of law, as required for an interlocutory appeal. *See MetLife Investors*, 2018 WL 925252 at *2 ("Due to its dispositive nature, the Court first considers whether there is a 'contestable' question of law"). In considering whether the question of law is contestable, courts consider "the strength of the arguments in opposition to the challenged ruling," including "examining whether other courts have adopted conflicting positions regarding the issue of law proposed for certification." *In re Bridgestone/Firestone, Inc. Tires Products Liability Litigation*, 212 F.Supp.2d 903, 909-10 (S.D. Ind. 2002) (citations omitted).

The Court notes at the outset that the proper focus in considering Mr. Castelino's motion is whether the February 14, 2018 Order – the order from which Mr. Castelino seeks interlocutory appeal – raises a contestable question of law, not whether the decisions by Judge Lawrence and Magistrate Judge Dinsmore which underlie the § 144 Affidavit raise contestable questions of law.

3

The undersigned's February 14, 2018 Order was based on two independent grounds – first, that Mr. Castelino's § 144 Affidavit was untimely and, second, that he had not shown that either Judge Lawrence of Magistrate Judge Dinsmore has a personal bias or prejudice against him or in favor of Rose-Hulman. Significantly, Mr. Castelino does not address the timeliness portion of the undersigned's ruling in his Second Motion to Amend, and his motion is denied for that reason alone. The Court will consider, however, whether Mr. Castelino has presented a contestable question of law in connection with the latter part of the Court's findings – that Mr. Castelino had not shown that either Judge Lawrence or Magistrate Judge Dinsmore has a personal bias or prejudice against him or in favor of Rose-Hulman.

An issue is contestable "if either there is no controlling precedent on the issue or if there is a 'substantial likelihood' that the district court's decision will be overturned on appeal." *Renal Care Group Indiana, LLC v. City of Fort Wayne*, 2018 WL 417177, *3 (N.D. Ind. 2018). Because there is controlling precedent regarding the standard for granting the relief requested in Mr. Castelino's § 144 Affidavit, the Court will focus on whether there is a substantial likelihood that the February 14, 2018 Order would be overturned on appeal.

Mr. Castelino again sets forth why he believes Judge Lawrence should have granted his Motion to Disqualify Magistrate Judge Dinsmore and his Motion to Disqualify Rose-Hulman's counsel, but the undersigned already rejected those arguments in the February 14, 2018 Order and will not consider them again here. The only argument Mr. Castelino sets forth that addresses the propriety of the February 14, 2018 Order itself – which is the Order from which Mr. Castelino seeks interlocutory appeal – is that the United States Supreme Court's decision in *Liteky v. United States*, 510 U.S. 540 (1994), supports disqualification of Judge Lawrence and Magistrate Judge Dinsmore. Specifically, Mr. Castelino points to the following language from *Liteky*:

4

> However, it is better to speak of the existence of an "extrajudicial source" factor, than of a doctrine, because the presence of such a source does not necessarily establish bias, and its absence does not necessarily preclude bias. The consequences of that factor are twofold for purposes of this case. First, judicial rulings alone almost never constitute valid basis for a bias or partiality recusal motion…. Apart from surrounding comments or accompanying opinion, they cannot possibly show reliance on an extrajudicial source; and, absent such reliance, they require recusal only when they evidence such deep seated favoritism or antagonism as would make fair judgment impossible. Second, opinions formed by the judge on the basis of facts introduced or events occurring during current or prior proceedings are not grounds for a recusal motion unless they display a similar degree of favoritism or antagonism.

[*See* Filing No. 186 at 13 (emphasis omitted) (quoting *Liteky*, 510 U.S. at 540-41).]

Mr. Castelino overlooks the fact that, in the February 14, 2018 Order, the undersigned quoted the key language from *Liteky* that Mr. Castelino relies upon in the section of the Order titled "Applicable Law." [Filing No. 182 at 4 (stating "'[N]either judicial rulings nor opinions formed by the judge as a result of current or prior proceedings constitute a basis for recusal 'unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'' *United States v. White*, 582 F.3d 787, 807 (7th Cir. 2009) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994))").] The Court then addressed Mr. Castelino's arguments and concluded that the rulings about which Mr. Castelino complained did not reflect any actual bias or prejudice on the part of Judge Lawrence or Magistrate Judge Dinsmore. It follows that those rulings also do not "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

Mr. Castelino has not shown that the issue of whether Mr. Castelino was entitled to the relief he sought in his § 144 Affidavit is contestable – in other words, that there is no controlling precedent, or that there is a substantial likelihood that the appeals court would overturn the February 14, 2018 Order. Additionally, Mr. Castelino has not shown that the issue of whether his

5

§ 144 Affidavit was untimely is contestable. Accordingly, Mr. Castelino's Second Motion to Amend an Order, [Filing No. 185], is **DENIED**.

## III.
### CONCLUSION

Mr. Castelino has failed to satisfy the criteria for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and his Second Motion to Amend an Order, [185], is therefore **DENIED**. The Court notes that Mr. Castelino's motion is one of numerous attempts during this litigation to seek additional consideration of issues that the Court has already addressed – to get a second bite at the apple. Each of Mr. Castelino's second-chance motions results in an already overburdened Court expending judicial resources to rule on those motions. Mr. Castelino and his counsel are cautioned to pursue the merits of his case, and not collateral matters.

Date: 2/28/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**