UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JUSTIN CASTELINO, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ROSE-HULMAN INSTITUTE OF ) <br> TECHNOLOGY, ) <br> ) <br> Defendant. ) | No. 2:17-cv-00139-WTL-MJD |

## ORDER ON MOTION FOR PROTECTIVE ORDER

This matter is before the Court on Plaintiff's *Second Motion for Protective Order*. [Dkt. 107.] Plaintiff asserts Defendant's Requests for Production seek documents protected by attorney-client privilege and work product doctrine.[1] For the reasons set forth below, the Court **DENIES** Plaintiff's Motion.

Defendant's Request for Production seeks four categories of communications:

- Communications related to this lawsuit between Plaintiff's family members and Plaintiff; all communications between Plaintiff's family members and his current counsel Mr. Thrasher; and all communications between Plaintiff's family members and his former counsel, Ms. Ciobanu.

- Communications between Plaintiff and Mr. Thrasher in which a third party was included on the communication.

- Communications between Plaintiff and Ms. Ciobanu in which a third party was included on the communication.

- Communications between Mr. Thrasher and Ms. Ciobanu in which a third party was included on the communication.

[Dkt. 108-1.]

---

[1] Plaintiff also inexplicably asserts an argument the documents are protected by psychotherapist/patient privilege. As none of these requests seek medical records or are directed to a medical provider, this argument appears to be misdirected.

1

Plaintiff asserts a blanket claim of privilege over the communications on the basis that some of the individuals are also part of Plaintiff's "legal team." Specifically, Marita Castelino (Plaintiff's mother) is a paralegal who works for her husband (Plaintiff's step-father), Heath Harte, an attorney. Plaintiff has asserted that Maria Castelino, Mr. Harte, and Mr. Harte's legal intern, Jessica Pinto (who also is Plaintiff's fiancé), work together with Plaintiff's counsel to provide legal advice to Plaintiff. Consequently, Plaintiff's counsel asserts "every communication between us, and between and among them, relative to the subject matter of this case is privileged as attorney/client confidence." [Dkt. 108 at 4.] Plaintiff's counsel further asserts that every communication he has ever had with any of these individuals is, by definition, Plaintiff counsel's work product. *Id.*

Plaintiff's argument takes too broad a view of attorney-client privilege and the work product doctrine. Moreover, a claim of privilege cannot be a blanket claim, but must be made and established on a document-by-document basis. *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 145 F.R.D. 84, 86 (N.D. Ill. 1992). The scope of the privilege is narrow, because it is a "derogation of the search for truth." *Id.* (*citing In re Walsh,* 623 F.2d 489, 493 (7th Cir.1980)). Each of the elements of the privilege must be established as to each document, as the mere existence of an attorney-client relationship is not sufficient to cloak all communications with attorney-client privilege. *Ohio–Sealy Mattress Mfg. Co. v. Kaplan,* 90 F.R.D. 21, 28 (N.D.Ill.1980).

While there may exist documents responsive to the requests that are privileged, the requests also seek categories of relevant documents that are unlikely to be privileged (such as communications between Plaintiff and his family members). Plaintiff must assert privilege objections specific to each responsive document in a privilege log. Under Fed. R. Civ. P. 26(b), a

party withholding documents on the basis of privilege must produce a privilege log that is sufficiently detailed to enable the other party to assess the claim. Courts in the Seventh Circuit have required that a privilege log identify "for *each* separate document the following information: the date, the author and all recipients, along with their capacities, the subject matter of the document, the purpose for its production and a specific explanation of why the document is privileged." *Muro v. Target Corp.,* No. 04 C 6267, 2006 WL 3422181, at *2 (N.D. Ill. 2006). Plaintiff appears to understand his obligation to provide a privilege log. On multiple occasions, Plaintiff has requested that the Court extend an agreed-upon deadline to do so.

Accordingly, Plaintiff's *Second Motion for Protective Order* [Dkt. 107] is **DENIED**. The Court **ORDERS** Plaintiff to respond to Defendant's discovery and provide a privilege log that is fully compliant with the requirements of Fed. R. Civ. P. 26(b) on or before **April 9, 2018**. Plaintiff should be aware that the failure to produce an adequate log in response to this Order may result in a waiver of the privilege. *Surgery Ctr. at 900 N. Michigan Ave., LLC v. Am. Physicians Assurance Corp., Inc.*, 317 F.R.D. 620, 631–32 (N.D. Ill. 2016).

Plaintiff's *Second Motion for Extension of Time* [Dkt. 170] and *Third Motion for Extension of Time to Indefinite* [Dkt. 187] relating to deadlines for the production of Plaintiff's privilege log are **DENIED AS MOOT**.

SO ORDERED.

Dated: 27 MAR 2018

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Holly A. Reedy
WILKINSON GOELLER MODESITT WILKINSON & DRUMMY
hareedy@wilkinsonlaw.com

John Thrasher
JOHN THRASHER, J.D.
john_thrasher@yahoo.com

Sarah Luise Wachala
WILKINSON GOELLER & MODESITT
slwachala@wilkinsonlaw.com