UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JUSTIN CASTELINO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:17-cv-00139-WTL-MJD |
| ) | |
| ROSE-HULMAN INSTITUTE OF ) | |
| TECHNOLOGY, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR SANCTIONS AND ON DEFENDANT'S MOTION FOR SANCTIONS**

**I.   Introduction**

This matter is before the Court on Plaintiff's, Justin Castelino, *Motion for Sanctions Against Defendant and/or Counsel* (Docket No. 117) and Defendant's, Rose-Hulman Institute of Technology ("Rose-Hulman"), *Motion for Sanctions Regarding Settlement Conference* (Docket No. 124). Both motions concern this Court's September 25, 2017, settlement conference before the Honorable Matthew P. Brookman. (Docket No. 122). On March 5, 2018, District Judge William T. Lawrence referred these motions pursuant to 28 U.S.C. 636(b)(1)(B) to issue a report and recommendation regarding the appropriate disposition of the parties' motions. (Docket No. 194).

Plaintiff, Justin Castelino, has filed a motion for sanctions against Defendant and/or defense counsel, without citation to any legal authority permitting sanction. Mr. Castelino argues that Defendant's negotiating strategy during the conference was in bad faith and amounted to extortion. (Docket No. 117 at ECF p. 2). Plaintiff seeks $6,412.50, which includes 19 hours of

1

attorney's fees at $225.00/hour and travel expenses for both Mr. Castelino and, his counsel, Mr. Thrasher. (Docket No. 117 at ECF p. 3).

Defendant also requests sanctions arguing that Plaintiff's failure to comply with the Court's order setting the settlement conference, in which Plaintiff failed to provide a confidential settlement statement and an updated demand, and combined with Plaintiff's increased settlement demand presented at the eleventh-hour precipitated an unsuccessful settlement conference. (Docket No. 124 at ECF p. 3). Defendant seeks attorney's fees and expenses totaling $3,745.00, which includes 21.4 hours of attorney's fees at $175.00/hour. (Docket No. 124 at ECF p. 4). For the reasons that follow, the undersigned recommends Plaintiff's *Motion for Sanctions Against Defendant and/or Counsel* (Docket No. 117) be denied and Defendant's *Motion for Sanctions Regarding Settlement Conference* (Docket No. 124) be granted.

## II. Background

On March 28, 2017, Plaintiff filed this action against Defendant asserting a variety of claims, including violations of the Americans with Disabilities Act, breach of contract, defamation, false advertising, invasion of privacy, harassment, and malice. (Docket No. 1; Docket No. 72). Plaintiff requests Defendant clear all actions relating to, and charges of, academic misconduct from Plaintiff's academic record. (Docket No. 12 at ECF p. 1; Docket No. 72 at ECF p. 24, ¶ 172; Docket No. 72 at ECF p. 33). On August 18, 2017, Rose-Hulman responded to Castelino's Amended Complaint and also filed counter claims for defamation and abuse of process. (Docket No. 90 at ECF pp. 29-30).

On August 29, 2017, Magistrate Judge Mark J. Dinsmore referred this matter to Magistrate Judge Matthew P. Brookman for the purpose of holding a settlement conference. (Docket No. 99). The same day Magistrate Judge Brookman issued a notice and order,

scheduling a settlement conference for Monday, September 25, 2017. (Docket No. 102). That order included the following directives:

> **Three business days before the scheduled conference, the parties shall submit (not file) to the Magistrate Judge a confidential settlement statement** setting forth a brief statement of: (1) relevant facts, including any key facts that the party believes are admitted or in dispute; (2) damages, including any applicable back pay, mitigation, compensatory and/or punitive damages, or any other special damages; and (3) any pending or anticipated dispositive or other substantive motions. **The confidential settlement statement should not exceed five, double-spaced pages, and submission of exhibits should be kept to a minimum.**
>
> **No later than fourteen days prior to the settlement conference, Plaintiff(s) shall serve an updated settlement demand on Defendant(s), who shall serve an updated response no later than seven days before the settlement conference. The parties shall submit (not file) to the Magistrate Judge courtesy copies of their respective demand and response at the time of service.** Counsel may submit confidential settlement statements and copies of their settlement demand/response to Chambers via mail or email (mpb_settlement@insd.uscourts.gov).

(Docket No. 102 at ECF p. 3) (emphases in original).

On September 18, 2017, the Court was courtesy copied on an email by defense counsel to plaintiff's counsel, advising Plaintiff that Defendant had not received an updated settlement demand prior to the fourteen day deadline and that, to stay in accordance with the Court's deadlines, the Defendant "does not make any monetary offer to settle the case." (Docket No. 124-2). On September 24, 2017, at 10:28 p.m., plaintiff's counsel emailed defense counsel plaintiff's updated demand, which included a number of monetary and non-monetary factors dependent upon whether or not reinstatement was part of any proposed agreement. (Docket No. 124-3). The updated demand was substantially higher than the previous demand Plaintiff provided.

3

On September 25, 2017, the Court held a settlement conference. During the joint session, which was held in the courtroom and on the record, the Court addressed Plaintiff's failure to abide by the Settlement Conference Order. (September 25, 2017, 3:00). When asked by the Court, Plaintiff's counsel, John Thrasher admitted that he did not email a confidential settlement statement three (3) business days prior to the settlement conference, instead submitting one on Sunday, September 24, 2017, hours prior to the settlement conference. When asked if he had good cause for his failure, Mr. Thrasher responded: "I didn't read it carefully, that's the simple truth." (September 25, 2017, 4:32). Similarly, Mr. Thrasher admitted that he did not email an updated settlement demand fourteen (14) business days prior to the settlement conference, instead submitting it on Sunday, September 24, 2017, hours prior to the settlement conference. When asked by the Court, again, if he had good cause for his failure, Mr. Thrasher responded: "Again, I'm afraid not." (September 25, 2017 7:00).

Subsequent to this questioning, Defendant requested the Court order sanctions during the conference for Plaintiff's non-compliance with the Court order. (September 25, 2017, 8:30). Defendant asserted prejudice given the updated, untimely settlement demand was substantially larger than Plaintiff's previous demands and that this fact, combined with the number of outstanding discovery disputes at the time of the conference, substantially impaired the parties' abilities to effectively negotiate a resolution at the settlement conference. (September 25, 2017, 9:28). Plaintiff was given an opportunity to respond and, while he attempted to provide justification for the increase in demand, he provided no reasoning for his noncompliance with the Court order other than "I have no—it was my own neglect." (September 25, 2017, 10:47). The Court reserved ruling on Defendant's request for sanctions and granted Defendant leave to file a written motion. ([Docket No. 122](#)).

On September 26, 2017, Plaintiff filed his *Motion for an Order Compelling Performance* (Docket No. 118). The motion requested that the Court order Defendant to perform as it is obligated to do pursuant to Rose-Hulman Institute's Student Handbook—namely, to remove the record of Plaintiff's temporary suspension immediately and backdate its performance by sending a retraction to each school it served on to after January 1, 2016. (Docket No. 118 at ECF p. 3). On March 27, 2018, this Court denied Plaintiff's motion, noting that the motion sought some of the same relief requested by Plaintiff's preliminary injunction. The Court further noted that on March 2, 2018, District Judge William T. Lawrence issued an Entry invoking Fed. R. Civ. P. 65(a)(2), consolidating the hearing on the preliminary injunction with an expedited trial on the merits beginning August 13, 2018. (Docket No. 192). Thus, because the Court denied as moot Plaintiff's Motion for Preliminary Injunction "as the issues in that motion will be resolved at trial," the Court also denied Plaintiff's Motion for an Order Compelling Performance as moot. (Docket No. 220).

**III. Analysis**

While Defendant's motion seeks sanctions pursuant to Fed. R. Civ. P. 16(f), Plaintiff's motion does not set forth the legal authority for his sanctions request. Generally, sanctions' requests for conduct related to conferences are made pursuant to Fed. R. Civ. P. Rule 16(f), 28 U.S.C. § 1927, or the Court's inherent authority.

Fed. R. Civ. P. Rule 16(f) provides the court may issue any just order "if a party or its attorney," in relevant part to the parties' arguments here, "is substantially unprepared to participate—or does not participate in good faith—in the conference." Fed. R. Civ. P. 16(f)(1)(B). Moreover, it provides, "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's

5

fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

28 U.S.C. § 1927 provides "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy, personally, the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Specifically, the Seventh Circuit has held that "[i]f a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious." *Boyer v. BNSF Ry. Co.*, 824 F.3d 694, 708 (7th Cir. 2016), *opinion modified on reh'g*, 832 F.3d 699 (7th Cir. 2016), *and cert. denied*, 137 S.Ct. 391, 196 L. Ed. 2d 296 (2016) (quoting *In re TCI Ltd.*, 769 F.2d 441, 446 (7th Cir. 1985)). "[C]ases in which [the Seventh Circuit] has upheld section 1927 sanctions have involved situations in which counsel acted recklessly, counsel raised baseless claims despite notice of the frivolous nature of these claims, or counsel otherwise showed indifference to statutes, rules, or court orders." *Kotsilieris*, 966 F.2d at 1184-85.

Finally, the federal courts' "inherent authority to rectify abuses to the judicial process also authorizes sanctions for [] violations." *Dotson v. Bravo*, 321 F.3d 663, 667 (7th Cir. 2003). Specifically, "[s]anctions meted out pursuant to the court's inherent power are appropriate where the offender has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009).

6

**A. Plaintiff's Motion for Sanctions Against Defendant and/or Counsel (Docket No. 117)**

Plaintiff's motion for sanctions should be denied for his failure to cite any legal basis for the request. However, even if we assume Plaintiff moves for sanctions pursuant to 28 U.S.C. § 1927, Fed. R. Civ. P. Rule 16(f), or this Court's inherent authority, Plaintiff has not met his burden to show sanctions are appropriate. Plaintiff asserts it was bad faith for Defendant to offer to clear Plaintiff's academic record as part of its settlement offers. Defendant had previously denied Plaintiff's allegation in his complaint, which in part seeks, "Defendant to clear Plaintiff's academic record of all misconduct findings." (Docket No. 72 at ECF p. 24, ¶ 172; Docket No. 90 at ECF p. 20). Similarly, in Defendant's response in opposition to Plaintiff's *Motion for an Order Compelling Performance* (Docket No. 118)—in which Plaintiff requests the Court to order Defendant to remove the note from his record, pursuant to the handbook—Rose-Hulman argues that this is a legal question to be determined through the preliminary injunction process. (Docket No. 153). The Court agreed. (Docket No. 192; Docket No. 220).[1] Given that Plaintiff's Amended Complaint and Preliminary Injunction motion request the very relief offered by Defendant during the settlement conference—it is evident that Rose-Hulman did not engage in sanctionable conduct. This settlement position in no way equated to objectively unreasonable, vexatious, bad faith, or even negligent conduct required pursuant to Fed. R. Civ. P. 16(f), 28 U.S.C. § 1927, or the court's inherent authority.

---

[1] This Court has previously told Plaintiff on two occasions, in denying the Preliminary Injunction as moot and in denying the Motion Compelling Performance as moot (Docket No. 192; Docket No. 220), that it is premature for this Court to determine whom shall prevail with regards to Plaintiff's allegation in this regard. This motion is also not the proper vehicle for the Court to make that determination.

Moreover, Plaintiff has made no attempt to comply with Local Rule 7-1(g) in his sanction's request and, for that reason alone, this motion should also be denied. **Local Rule 7-1(g) Motions for Fees, Sanctions, and Disqualification** provides:

> **(1)** *Reasonable Efforts to Resolve Dispute.* The court may not grant the following motions unless the movant's attorney files with the motion a statement showing that the attorney made reasonable efforts to confer with opposing counsel and resolve the matters raised in the motion:
>
>    **(A)** motion for attorney's fees (other than post-judgment).
>    **(B)** motion for sanctions under Fed. R. Civ. P. 11.
>    **(C)** motion to disqualify an attorney (other than one brought by a *pro se* party).
>
> **(2)** *Statement Regarding Efforts.* The statement required by subdivision (g)(1) must include:
>
>    **(A)** the date, time, and place of all conferences; and
>    **(B)** the names of all conference participants.

S.D. Ind. Local Rule 7-1(g). Plaintiff's motion neither sets forth a statement nor is there any evidence that reasonable efforts to confer with opposing counsel to resolve these matters prior to the filing of this motion. The Court also notes that Plaintiff filed his motion for sanctions for conduct in the settlement conference the day after the settlement conference—further evidence no efforts were made to confer prior to raising the motion.

For all these reasons, I recommend that Plaintiff's *Motion for Sanctions Against Defendant and/or Counsel* (Docket No. 117) be denied.

**B. Rose-Hulman's Motion for Sanctions Regarding Settlement Conference (Docket No. 124)**

Rose-Hulman moves for sanctions pursuant to Fed. R. Civ. P. 16(f) asserting that Plaintiff violated this Court's Order requiring an updated settlement demand be served on Defendants no later than fourteen (14) days prior to the settlement conference. (Docket No. 124

8

at ECF p. 1). Rose-Hulman notes that the Order stated, "[f]ailure to comply with any of the provisions in this order may result in sanctions." (Docket No. 102). Rose-Hulman asserts that Plaintiff's belated, updated demand, which was sent the night before the settlement conference, was significantly higher than his previous demand and that, had the demand been timely served, Rose-Hulman would have requested the settlement conference be vacated. (Docket No. 124 at ECF pp. 2-3). Thus, Rose-Hulman concludes it was forced to incur $3,875.54 in attorney's fees and expenses relating to the settlement conference, despite receiving information at the eleventh hour that it was unlikely an agreement would be reached due to Plaintiff's updated position. *Id.*

Rule 16 expressly identifies settlement as a matter on which the court "[a]t any pretrial conference...may consider and take appropriate action," Fed. R. Civ. P. 16(c)(2)(I). The Advisory Committee Notes to the 1983 Amendment to Rule 16 ("1983 Notes") observe that it is not the purpose of the rule "to impose settlement negotiations on unwilling litigants" and that the "rule does not make settlement conferences mandatory because they would be a waste of time in many instances." "Rule 16 . . . permits the imposition of sanctions where a party's failure to disclose its true settlement posture to the court in a timely fashion leads to unnecessary scheduling of settlement conferences and proceedings." *Adams v. Corrections Corp. of Am.*, No. 1:10-cv-259, 2011 WL 4974198, *3 (M.D. Pa. Oct. 19, 2011). "Rule 16 demands candor of the parties in this setting. It requires timely, fulsome and candid communication from parties, communications and candor which are essential to avoid unnecessary scheduling and pointless preparation for the parties and the court." *Id.*; *see also*, *Karahuta v. Boardwalk Regency Corp.*, No. 06-4902, 2007 WL 2825722, *6 (E.D. Pa. Sept. 27, 2007) (ordering reimbursement of plaintiff's counsel fees and expenses incurred in holding a second settlement conference) ("Defendants, knowing that they did not possess any additional authority following the initial

9

conference, should have notified the Court before the second conference of their position. . . . By their actions, Defendants wasted the limited time, financial resources and energies of the Court and Plaintiff."). The Seventh Circuit has upheld sanctions' requests resulting from settlement conferences pursuant to Fed. R. Civ. P. 16(f). *See Koehn v. Tobias*, 866 F.3d 750 (7th Cir. 2017); *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989).

Timely communication from the Plaintiff was lacking here, which resulted in the holding of an unnecessary settlement conference and pointless preparation for Defendant and the Court. Because the deadlines were explicitly set forth in the Court's order regarding settlement conference (Docket No. 102) and, even further evidence of lack of diligence, the Plaintiff was reminded of his deadline to file an updated settlement demand via multiple emails from defense counsel on September 18, 2017—yet Plaintiff did not provide an updated demand until the eve of the conference, on September 24, 2017. (Docket No. 124-1). During the settlement conference's joint session, held on the record, Plaintiff's counsel admitted he simply did not read the court's order and that Plaintiff's failure to comply by the same was due to his own "neglect."

As the Court explained during the joint session, the rules set forth for the conference all have a purpose, including being time-saving measures for the Court and the parties. For instance, the updated settlement demand and subsequent response to that demand, even if not positive, provides the Court and the parties with vital information to ensure that time is utilized efficiently. Imposition of sanctions pursuant to Rule 16(f) does not require a showing of "bad faith, willfulness, or contumaciousness"—instead, "mere negligence will suffice." *Malibu Media, LLC v. Tashiro*, No. 1:13-cv-00205-WTL-MJD, 2015 WL 13639447 (S.D. Ind. Apr. 15, 2015) (citing *In re Martin*, 350 B.R. 812, 816 (N.D. Ind. 2006)). "An award of fees for such negligence is 'almost, but not quite, mandatory,' in that sanctions are appropriate unless the negligent conduct

10

was 'substantially justified' or if 'other circumstances make an award of expenses unjust.' *Id.* (internal citations omitted) (quoting Fed. R. Civ. P. 16(f)(2)).

Here, the Plaintiff's failure to comply with the Court's order was substantially addressed by the Court, on the record, during the joint session of the settlement conference.[2] Plaintiff's counsel admitted the failure was due to his own neglect and did not offer any other reason for his belated confidential settlement statement or his updated settlement demand, let alone one that would be substantially justified. As such, his conduct was negligent and in violation of Rule 16(f).

Rose-Hulman requests sanctions in the amount of $3,875.54, based on its attorney's fees and expenses relating to the settlement conference. (Docket No. 124 at ECF p. 4). The fees charged include the following:

| | |
|---|---|
| Communications with client, court staff, and Mr. Thrasher relating to settlement conference: | 2.1 hours |
| Preparation of confidential settlement statement: | 5.0 hours |
| Other preparations for settlement conference, including reviewing documents to discuss with Magistrate Brookman at the conference: | 2.6 hours |
| Traveling to Evansville, meeting with client, attending conference, and returning to Terre Haute: | 9.6 hours |
| Preparation of this motion and exhibits and filing: | 2.5 hours |

In total, Rose-Hulman asserts it incurred a total of 21.4 hours,[3] billed at the rate of $175/hour, for a total of $3,745.00. Rose-Hulman also paid $130.54 for mileage from Terre

---

[2] The Court finds this hearing record meets the requirements of Local Rule 7-1(g).
[3] The Court's own math of the above table, which was copied directly from Defendant's motion, shows 21.8 hours incurred. However, because the Court cannot determine whether Defendant made an error in the table or whether the Defendant made an error in overall calculation, the

11

Haute to Evansville. (Docket No. 124 at ECF p. 4). The undersigned recommends, based on my own review of the documents submitted and my involvement in the settlement conference, that the attorney's fees and costs incurred by Defendant in preparing for and attending the settlement conference is a sufficient and appropriate sanction. These are the direct costs attributable to Plaintiff's failure to timely communicate his updated demand and to timely provide the Court with a confidential settlement statement, which ultimately resulted in a waste of party and judicial resources. The Court notes Plaintiff has not objected to the reasonableness of the fees and costs incurred in his response briefing.

Plaintiff's counter argument is that Rose-Hulman, as a Counter Claimant, was also bound by the Court's order requiring an updated settlement demand fourteen (14) days prior and that, had Plaintiff known every offer would include "remov[ing] the blemish from" his academic record, he would have requested a continuance of the settlement conference and moved for sanctions then. (Docket No. 150 at ECF p. 2). There is, however, no requirement that Counter Claimant's be bound by the same obligations as Plaintiff—indeed, no such requirement was set forth in the Court's order setting this matter for a settlement conference (which Plaintiff's counsel did not carefully read). Rose-Hulman did, indeed, serve a timely confidential settlement statement to the Court and a timely response to Castelino, despite the fact that Rose-Hulman did not receive a timely, updated demand. (Docket No. 124-2). And even if we assume Plaintiff's argument had merit, it would not excuse his own non-compliance with the Court's order.

---

Court will accept Defendant's overall request of $3,875.54, which is based on the 21.4 hour number.

For all these reasons, the undersigned recommends, pursuant to Fed. R. Civ. P. 16(f)(2) the Court enter an order requiring Plaintiff to pay Defendant the sum of $3,875.54 consisting of $3,745.00 in attorney's fees and $130.54 in costs.

### III. Conclusion

For the above reasons, the undersigned recommends that Castelino's *Motion for Sanctions Against Defendant and/or Counsel* (Docket No. 117) be DENIED, and Rose-Hulman's *Motion for Sanctions Regarding Settlement Conference* (Docket No. 124) be GRANTED, ordering Plaintiff to pay Defendant the sum of $3,875.54, consisting of $3,745.00 in attorney's fees and $130.54 in costs.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

**SO ORDERED.**

**Dated:** April 25, 2018

_____
Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

Service made electronically to all ECF registered counsel of record.