# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| JUSTIN CASTELINO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 2:17-cv-139-WTL-MJD |
| | ) |
| ROSE-HULMAN INSTITUTE OF TECHNOLOGY, | ) |
| | ) |
| Defendant. | ) |

## ENTRY DENYING MOTION TO STRIKE

This cause is before the Court on the Plaintiff's motion to strike (Dkt. No. 256). The motion relates to the fact that the Defendant sought leave to file an oversized brief in support of its motion for summary judgment. The Defendant's motion to file an oversized brief was timely filed—that is, it was filed on the dispositive motion deadline—and the motion and brief in support were attached as exhibits to the motion. The Court granted the motion and ordered the Clerk to docket the motion as of the date of the Entry, rather than as of the date it was originally filed by the Defendant.

The Plaintiff's motion to strike takes issue with the manner in which the Defendant filed its motion and proposed oversized brief:

> On May 14, 2019, which was the agreed deadline for [the summary judgment] Motion, Defendant filed Docket #246, its Motion for leave to file an over-long Memorandum in support of summary judgment for the Defendant. Despite its April 26 agreement [with regard to the dispositive motion deadline], Defendant did not file its dispositive Motion separately but as an attachment to #246. . . . The Defendant did not need leave to file its Motion, only its 83-page Memorandum in Support. The Defendant did not comply with its Agreement, and the Court can enforce the Agreement. . . . The Defendant has shown no cause for an enlargement of the time agreed to and Ordered for filing its dispositive motion and the supporting memorandum required by Local Rule 56-1(a). Since the

> Defendant attached its Motion for Summary Judgment to its Motion for Leave to
> file an over-long brief on May 14, 2018, there is no cause to enlarge the time to
> file that. The Entry at Docket #253 dates them both a week late without cause
> shown or request filed before the deadline expired.

Dkt. No. 256 at 1, 2. As best as the Court can decipher, the Plaintiff argues that because the summary judgment motion was re-docketed by the Clerk at the Court's direction after the dispositive motion deadline, and the Defendant was not granted leave to file the oversized brief until after the deadline, the motion and the brief were untimely. The Plaintiff then argues that the Court lacked discretion to permit the late filing because the Defendant failed to demonstrate good cause as required by Federal Rule of Civil Procedure 6(b)(1)(B).

The Plaintiff's motion is utterly frivolous. It ignores entirely the fact that the Court ordered the motion docketed as of the date of its entry, rather than the date it was filed, in order to ensure that the Plaintiff had the full amount of time to respond to the motion. Indeed, the Court specifically included "[t]he Plaintiff's deadline for responding to the motion will run from the date the Clerk enters the motion on the docket" in its Entry in order to make that fact clear. In other words, the fact that the Defendant's motion was docketed as of the later date was a *benefit* to the Plaintiff. Under the Plaintiff's logic, if the Court had granted the Defendant's motion on the date it was filed, the motion and brief would have been timely, but because the Court waited for the Plaintiff to respond to the motion before ruling, the motion and brief were late. That, of course, is nonsensical.[1]

In reality, the motion to strike is simply a thinly veiled motion to reconsider the Court's ruling granting the Defendant leave to file its oversized brief. It has wasted the Court's time, and

---

[1]The Plaintiff's analogy to the rule that discovery responses must be served such that the responses are due prior to the discovery deadline is inapt, for the simple reason that there is no deadline by which a Court must make a ruling.

therefore the taxpayers' money. Plaintiff's counsel is admonished that the filing of any further baseless motions will result in sanctions pursuant to Federal Rule of Civil Procedure 11(b)(1). Counsel should focus on doing the work necessary to bring this case to a resolution, rather than filing ill-conceived motions complaining of non-existent rule violations.

     SO ORDERED: 5/30/18

                                      Hon. William T. Lawrence, Judge
                                      United States District Court
                                      Southern District of Indiana

Copies to all counsel of record via electronic notification