UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JUSTIN CASTELINO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00139-WTL-MJD |
| | ) | |
| ROSE-HULMAN INSTITUTE OF TECHNOLOGY, | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S COUNSEL'S MOTION TO QUASH SUBPOENA DIRECTED AT KEVIN DORN [DKT. 263], PLAINTIFF'S MOTION TO ACCEPT REDACTED EXHIBITS AS TIMELY FILED [DKT. 265], AND ROSE-HULMAN'S MOTION TO AMEND [DKT. 274].**

This cause is before the Court on Plaintiff's *Motion to Quash Subpoena Directed at Kevin Dorn* [Dkt. 263], *Plaintiff's Motion to Accept Redacted Exhibits as Timely Filed* [Dkt. 265], and *Rose-Hulman's Motion to Amend* [Dkt. 274]. The Court addresses each motion in turn.

*Motion to Quash*

Plaintiff's counsel, John Thrasher, moves pursuant to Fed. R. Civ. P. 45(d)(3) to quash the subpoena directed at Kevin Dorn. The subpoena commanded Dorn to produce the following at his deposition on March 5, 2018:

1. A copy of each and every communication between yourself and John Thrasher, Justin Castelino, Marita (Tammy) Castelino, and/or any other individual acting on behalf of Justin Castelino. This request includes but is not limited to text messages, emails, Facebook messages, other social media communications, letters, or any other form of communication.

1

> 2. A copy of each and every document exchanged between yourself and John Thrasher, Justin Castelino, Marita (Tammy) Castelino, and/or any other individual acting on behalf of Justin Castelino.

[Dkt. 190-4.] Plaintiff previously filed a motion to quash the same subpoena and supplemental motion to quash subpoena. [Dkts. 189 & 190.] The Court issued an *Order on Motions to Quash* on June 5, 2018, denying Plaintiff's motions. [Dkt. 262.] The Court rejected Plaintiff's blanket assertion of the work-product privilege, noting that "Mr. Dorn must assert privilege objections specific to each responsive document and describe the nature of the withheld documents in a privilege log." [Dkt. 262 at 3.]

Thereafter, on June 14, 2018, Plaintiff's counsel filed the instant motion to quash, seeking to quash the subpoena to the extent it commands production of Dorn's text exchanges with Attorney Thrasher.

Under Rule 45, when a motion to quash a subpoena is timely filed, the court must quash or modify the subpoena if it: (1) "fails to allow a reasonable time to comply," (2) "requires a person to comply beyond the geographical limits specified in Rule 45(c)," (3) "requires disclosure of privileged or other protected matter, if no exception or waiver applies," or (4) "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). "The party seeking to quash a subpoena bears the burden of establishing the subpoena falls within the Rule 45 criteria." *Odongo v. City of Indianapolis*, No. 1:14-cv-00710-TWP-MJD, 2015 WL 1097400, at *1 (S.D. Ind. Mar. 10, 2015) (quotation and citation omitted). The decision whether to quash a subpoena falls within the district court's discretion. *See Ott v. City of Milwaukee,* 682 F.3d 552, 556 (7th Cir. 2012).

2

There are several reasons why Plaintiff's Counsel's motion should be denied. First, the motion appears to be a motion for reconsideration of the Court's *Order on Motions to Quash*. However, a motion for reconsideration "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Jorling v. Anthem, Inc.*, No. 1:09-cv-0798-TWP-TAB, 2011 WL 3759189, at *1 (S.D. Ind. Aug. 25, 2011) (quotation and citation omitted). To the extent that the motion to quash is a thinly disguised motion for reconsideration, the motion should be denied.

Second, as noted, Rule 45 requires a "timely motion." Fed. R. Civ. P. 45(d)(3)(A). The rule does not define "timely," however, some courts have required that a motion to quash be filed within 14 days, *see, e.g., Edin v. Garner Family Enters., Inc.*, No. 1:11-CV-1300, 2012 WL 364088, at *1 (S.D. Ind. Feb. 1, 2012). Other courts have required that a motion to quash be made "at or before the time of compliance." *Cent. States, Se. & Sw. Areas Pension Fund v. GWT 2005 Inc.*, 2009 WL 3255246, at *1 (N.D. Ill. Oct. 6, 2009). Still other courts have determined that the district court has discretion to decide whether a motion to quash is considered timely. *See, e.g.*, *Woodard v. Victory Records, Inc.*, 2014 WL 2118799, at *4 (N.D. Ill. May 21, 2014) (concluding that, "[w]hile the court does not wish to condone a party's failure to challenge a subpoena within the time delineated by the rules," the conduct between the parties indicated that the time for compliance had not yet lapsed).

Attorney Thrasher filed his motion to quash on June 14, 2018, about three and one-half months after the subpoena was served on Dorn (February 28, 2018) and more than three months after the time for compliance with the subpoena (March 5, 2018). No reason is given for the belated filing. Under any standard, Thrasher's motion to quash cannot be considered "timely"

3

under Rule 45(d)(3)(A). Thus, to the extent, if any, that the motion to quash is not a motion for reconsideration, the motion can be denied based on untimeliness alone.

Furthermore, Attorney Thrasher's arguments do not entitle him to an order quashing the subpoena. He asserts the work product doctrine, which protects documents prepared by the client, attorney, or an attorney's representative "in anticipation of litigation for the purpose of analyzing and preparing a client's case." *Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 618 (7th Cir. 2010); *see also Bramlette v. Hyundai Motor Co.*, No. 91 C 3635, 1993 WL 338980, at *2 (N.D. Ill. Sept. 1, 1993). An "attorney has an independent privacy interest in his work product and may assert the work-product doctrine on his own behalf[.]" *Id.* However, voluntary disclosure of a document to a third party may waive the protection under the work-product doctrine. *See, e.g., Behnia v. Shapiro*, 176 F.R.D. 277, 279 (N.D. Ill. 1997). In deciding whether the protection has been waived, the court asks "whether the particular disclosure was of such a nature as to enable an adversary to gain access to the information." *Id.*

The Court finds that Attorney Thrasher waived the work-product protection as to his text exchanges with Dorn. First, Attorney Thrasher sent some of the text messages to Dorn, a third-party fact witness in this action. (Other of the text messages at issue may have been sent by Dorn to Thrasher.) Dorn is a not a party to this action. Dorn is not a client of Attorney Thrasher and Dorn has no claim against Rose-Hulman. Further, Attorney Thrasher has not argued that the text messages were confidential or that Dorn was requested not to share the messages with others. Based on these circumstances, like those in *Behnia*, 176 F.R.D. at 280, the Court finds that the work-product doctrine has been waived.

Besides, the attempt to produce a privilege log falls short. Courts have recognized that "'[t]he failure to provide the requesting party with a sufficient and timely privilege log 'may

4

result in a waiver of any protection from discovery.'" *Jorling v. Anthem, Inc.*, No. 1:09-cv-0798-TWP-TAB, 2011 WL 3759189, at *1 (S.D. Ind. Aug. 25, 2011) (quoting *Executive Mgmt. Servs., Inc. v. Fifth Third Bank*, 309 F.R.D. 455, 464 (S.D. Ind. 2015)). Rule 26(b)(5) "requires that a privilege log 'describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privilege or protected, will enable other parties to assess the claim.'" *Id.* (quoting Fed. R. Civ. P. 26(b)(5)).

Whether Plaintiff's Counsel's motion constitutes a privilege log is debatable. [See Dkt. 263 at 3–4.] Even assuming that it constitutes a privilege log, the description of the text messages sought to be protected is too vague. *See In re Bridgestone/Firestone, Inc.*, 129 F. Supp. 2d 1207, 1218–19 (S.D. Ind. 2001) (identifying the information to be provided in a privilege log). The motion does not identify who authored which text message—Attorney Thrasher or Dorn; nor does it identify the recipient for each message. Moreover, the content of the messages are not described, other than as "exchanges between [Attorney Thrasher] and Kevin Dorn." [Dkt. 263 at 3.] And the subject matter is described as "[Attorney Thrasher] was gathering information to build my client's case for trial." [Dkt. 263 at 4.] This is insufficient to allow this Court or the opposing party to assess the claimed privilege.

Accordingly, the Court finds that the motion to quash should be **DENIED**.

## *Motion to Accept Redacted Exhibits*

The Court's *Order on Fourth Motion to Maintain Documents Under Seal* [Dkt. 261] granted in part Plaintiff's motion to seal confidential personal identifiers in Dkt. 111-5 and Dkt. 111-9 that should have been redacted prior to filing. Plaintiff was ordered to file by June 12, 2018, redacted versions of the documents, blacking out only the email addresses, home address,

5

and telephone phone number in the documents. Plaintiff filed a redacted version of Dkt. 111-5 and a partially redacted version of Dkt. 111-9, but the filings were late. Given Plaintiff's explanation for the belated filings, the Court will accept them as timely filed and therefore **GRANTS** the motion to accept the exhibits. However, the email address was redacted only once in Dkt. 111-9 even though the address appears twice in the document. Therefore, the Clerk has sealed Dkt. 265-2 and the Court **ORDERS** Plaintiff to file within 7 days of this date a redacted version of Dkt. 111-9 and Dkt. 265-2, blacking out Plaintiff's mother's email address wherever it occurs.

### *Rose-Hulman's Motion to Amend*

*Rose-Hulman's Motion to Amend* seeks to substitute a complete affidavit of Erik Hayes for the incomplete affidavit that was filed in support of Rose-Hulman's summary judgment motion [see Dkt. 246-8]. The motion states that one page of the affidavit that was filed was inadvertently not included when the affidavit was scanned. Plaintiff filed no response to the motion. Accordingly, finding the motion well taken, the Court will **GRANT** the motion.

### *Conclusion*

For the reasons stated, Plaintiff's *Motion to Quash Subpoena Directed at Kevin Dorn* [Dkt. 263], is **DENIED**, *Plaintiff's Motion to Accept Redacted Exhibits as Timely Filed* [Dkt. 265] is **GRANTED**, and *Rose-Hulman's Motion to Amend* [Dkt. 274] is **GRANTED**. The Clerk is directed to replace the incomplete Affidavit of Erik Hayes [Dkt. 246-8] with the complete affidavit [Dkt. 274-2].

Kevin Dorn shall comply with the subpoena and shall cooperate with Rose-Hulman's counsel in attempting to recover any information that was intentionally deleted by Dorn in violation of the subpoena.

Plaintiff is **ORDERED** to file, within 7 days of the date of this order, a redacted version of Dkt. 111-9 and Dkt. 265-2, blacking out Plaintiff's mother's email address wherever it occurs.

SO ORDERED.

Dated: 6 AUG 2018

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Brett Errol Osborne
HOCKER & ASSOCIATES LLC
bosborne@hockerlaw.com

Holly A Reedy
WILKINSON GOELLER MODESITT WILKINSON & DRUMMY
hareedy@wilkinsonlaw.com

John Thrasher
JOHN THRASHER, J.D.
john_thrasher@yahoo.com