# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| JUSTIN CASTELINO, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
|    vs. ) | Cause No. 2:17-cv-139-WTL-MJD |
| ) | |
| ROSE-HULMAN INSTITUTE OF ) | |
| TECHNOLOGY, ) | |
| ) | |
|    Defendant. ) | |

## ENTRY ADDRESSING OBJECTION TO REPORT AND RECOMMENDATION

United States Magistrate Judge Matthew Brookman was designated pursuant to 28 U.S.C. § 636(b)(1)(B) to issue a report and recommendation regarding the appropriate disposition of the parties' motions for sanctions that arose out of a settlement conference held by Magistrate Judge Brookman (Dkt. Nos. 117 and 124). The Plaintiff has filed timely objections to the Magistrate Judge's report and recommendation regarding both motions (Dkt. No. 243, objecting to Dkt. No. 234). The Court, being duly advised, now addresses the Plaintiff's objections, having conducted the de novo review required by 28 U.S.C. § 636(b).

### Background

On August 29, 2017, Magistrate Judge Brookman issued an order scheduling a settlement conference in this case on Monday, September 25, 2017. The order included the following:

> **Three business days before the scheduled conference, the parties shall submit (not file) to the Magistrate Judge a confidential settlement statement** setting forth a brief statement of: (1) relevant facts, including any key facts that the party believes are admitted or in dispute; (2) damages, including any applicable back pay, mitigation, compensatory and/or punitive damages, or any other special damages; and (3) any pending or anticipated dispositive or other substantive motions. The confidential settlement statement should not exceed five, double-spaced pages, and submission of exhibits should be kept to a minimum.

> **No later than fourteen days prior to the settlement conference, Plaintiff(s) shall serve an updated settlement demand on Defendant(s), who shall serve an updated response no later than seven days before the settlement conference. The parties shall submit (not file) to the Magistrate Judge courtesy copies of their respective demand and response at the time of service.** Counsel may submit confidential settlement statements and copies of their settlement demand/response to Chambers via mail or email (mpb_settlement@insd.uscourts.gov).

Dkt. No. 102 at 3 (emphasis in original).

As Magistrate Judge Brookman recites in his Report and Recommendation:

> On September 18, 2017, the Court was courtesy copied on an email by defense counsel to plaintiff's counsel, advising Plaintiff that Defendant had not received an updated settlement demand prior to the fourteen day deadline and that, to stay in accordance with the Court's deadlines, the Defendant "does not make any monetary offer to settle the case." (Docket No. 124-2). On September 24, 2017, at 10:28 p.m., plaintiff's counsel emailed defense counsel plaintiff's updated demand, which included a number of monetary and non-monetary factors dependent upon whether or not reinstatement was part of any proposed agreement. (Docket No. 124-3). The updated demand was substantially higher than the previous demand Plaintiff provided.
>
> On September 25, 2017, the Court held a settlement conference. During the joint session, which was held in the courtroom and on the record, the Court addressed Plaintiff's failure to abide by the Settlement Conference Order. (September 25, 2017, 3:00). When asked by the Court, Plaintiff's counsel, John Thrasher admitted that he did not email a confidential settlement statement three (3) business days prior to the settlement conference, instead submitting one on Sunday, September 24, 2017, hours prior to the settlement conference. When asked if he had good cause for his failure, Mr. Thrasher responded: "I didn't read it carefully, that's the simple truth." (September 25, 2017, 4:32). Similarly, Mr. Thrasher admitted that he did not email an updated settlement demand fourteen (14) business days prior to the settlement conference, instead submitting it on Sunday, September 24, 2017, hours prior to the settlement conference. When asked by the Court, again, if he had good cause for his failure, Mr. Thrasher responded: "Again, I'm afraid not." (September 25, 2017 7:00).
>
> Subsequent to this questioning, Defendant requested the Court order sanctions during the conference for Plaintiff's non-compliance with the Court order. (September 25, 2017, 8:30). Defendant asserted prejudice given the updated, untimely settlement demand was substantially larger than Plaintiff's previous demands and that this fact, combined with the number of outstanding discovery disputes at the time of the conference, substantially impaired the parties' abilities to effectively negotiate a resolution at the settlement conference. (September 25,

> 2017, 9:28). Plaintiff was given an opportunity to respond and, while he
> attempted to provide justification for the increase in demand, he provided no
> reasoning for his noncompliance with the Court order other than "I have no—it
> was my own neglect." (September 25, 2017, 10:47). The Court reserved ruling
> on Defendant's request for sanctions and granted Defendant leave to file a written
> motion. (Docket No. 122).

Dkt. No. 234 at 3-5. Following the settlement conference, both parties filed motions for sanctions, which the Court referred to Magistrate Judge Brookman for a report and recommendation. Magistrate Judge Brookman recommended that the Defendant's motion be granted and the Plaintiff's motion be denied. The Plaintiff filed a timely objection to the report and recommendation.

### Plaintiff's Motion for Sanctions (Dkt. No. 117)[1]

The Plaintiff objects to Magistrate Judge Brookman's recommendation that the Plaintiff's motion for sanctions be denied, arguing that the Defendant also failed to comply with Magistrate Judge Brookman's order and that the Defendant's negotiations at the settlement conference were in bad faith. The Court disagrees on both counts.

First, the Plaintiff argues that because the Defendant has asserted a counterclaim in this case, all of the instructions in Magistrate Judge Brookman's order that were directed to the Plaintiff applied equally to the Defendant. That is simply incorrect; the order is unambiguous on its face and obligated the *Plaintiff* to serve an updated settlement demand and the *Defendant* to

---

[1] The Plaintiff filed a Motion for Sanctions Against Defendant and/or Counsel on September 26, 2017 (Dkt. No. 117). This case was stayed from September 27, 2017, through December 21, 2017, while the parties briefed and the Court considered a motion to disqualify counsel. The Plaintiff filed another document entitled Motion for Sanctions Regarding Settlement Conference on December 22, 2017 (Dkt. No. 140). That document is confusing; while it is entitled a motion, it states that it is "Plaintiff's reply" to the Defendant's motion for sanctions, and it was entered on the docket (by Plaintiff's counsel) as a response to the Defendant's motion for sanctions. The Court has considered the document as a supplement to the Plaintiff's motion for sanctions.

3

serve a response. There is one Plaintiff and one Defendant in this case. If, prior to the settlement conference, the Plaintiff had raised the issue of whether the Defendant *should have been* ordered to make a demand with regard to its counterclaim, perhaps Magistrate Judge Brookman would have supplemented his order to require the Defendant to do so. But the Defendant cannot be sanctioned for failing to do something that it was never ordered to do.

Next, the Plaintiff argues that the Defendant should be sanctioned because it negotiated in bad faith. This argument hinges on the Plaintiff's argument that the Defendant has improperly retained a designation on the Plaintiff's transcript regarding his suspension, which the Plaintiff argues violates provisions of the Defendant's own handbook. Because this designation should not still be on the Plaintiff's transcript, the Plaintiff argues, the Defendant's settlement position that "if Plaintiff were to drop his complaint and walk away, Defendant would 'remove the blemish from his record'" constituted extortion, because it was an "effort to induce [the Plaintiff] to part with a thing of monetary value by offering to then refrain from an act it had no right to commit." Dkt. No. 140 at 2. As Magistrate Judge Brookman pointed out, however, whether the Defendant's treatment of the Plaintiff's transcript is, in fact, improper is a contested issue in this case. It was not extortion, or otherwise improper, for the Defendant to offer the Plaintiff some of the relief he seeks in this case as part of a settlement. The Court agrees with the Magistrate Judge's conclusion that the Plaintiff has pointed to no basis for sanctioning the Defendant.

### Defendant's Motion for Sanctions (Dkt. No. 124)

With regard to the Defendant's motion for sanctions, Magistrate Judge Brookman recommended that it be granted and that the Plaintiff be ordered to pay the Defendant $3,745.00 in attorney's fees and $130.54 in costs. In his objection, the Plaintiff does not argue that a sanction of that amount would be improper; rather, Plaintiff's counsel argues that it should be

4

leveled against him, not his client. Federal Rule of Civil Procedure 16(f)(2) requires the imposition of sanctions against "the party, its attorney, or both"; in this case, Plaintiff's counsel states unequivocally that the failure to follow Magistrate Judge Brookman's order was his own, not that of his client. Accordingly, the Court will grant the Defendant's motion for sanctions for the reasons set forth in the report and recommendation, but will impose them on Plaintiff's counsel, John Thrasher, not the Plaintiff.

## Conclusion

For the reasons set forth above, the Plaintiff's objection to Magistrate Judge Brookman's report and recommendation (Dkt. No. 243) is **OVERRULED**, with the exception of his objection to sanctions being imposed on the Plaintiff rather than on Plaintiff's counsel. With that exception, the Court adopts Magistrate Judge Brookman's report and recommendation. The Plaintiff's motion for sanctions (Dkt. No. 117, as supplemented by Dkt. No. 140) is **DENIED**. The Defendant's motion for sanctions (Dkt. No 124) is **GRANTED**, and Plaintiff's counsel, John Thrasher, is **ORDERED** to pay the Defendant $3,875.54 **within 28 days of the date of this Entry**. Mr. Thrasher shall file a notice informing the Court when payment is made.

SO ORDERED: 9/18/18

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification